### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-16-CR-237 SS |
| | § | |
| PURNELL ELLIOT WILLIAMS | § | |

### ORDER & RECOMMENDATION

By reference of the District Judge, this matter came before the Court this date for a status conference requested by Mr. William's attorney, David Peterson. Dkt. No. 31. Mr. Peterson requested the hearing because Williams asked Peterson to withdraw from the case, as Williams wished to represent himself. Dkt. No. 24.

At the outset of the case, Williams stated that he intended to represent himself, and thus on September 26, 2016, the Court conducted a hearing to make the inquiries and admonishments the Supreme Court recommends when a criminal defendant wishes to represent himself. *See Faretta v. California*, 422 U.S. 806 (1975). After warning Williams of the risks of self-representation, and confirming that he was making a knowing and intelligent decision, the undersigned permitted Williams to move forward as his own attorney. The Court also appointed Mr. Peterson to act as standby counsel. Shortly thereafter, Williams filed a motion asking that the Court appoint Mr. Peterson as his attorney, which the Court granted. Dkt. Nos. 14, 19.

Mr. Williams has now made it clear through his statements at the hearing today that he once again wishes to proceed without an attorney. He has thus requested that Mr. Peterson withdraw as his attorney, and, consistent with those instructions, Mr. Peterson has asked to withdraw. The Court went through the *Faretta* warnings once again today, and reaffirms that it believes Mr. Williams is competent to make the decision to forego counsel, and fully understands the risks of doing so. He

is aware of the seriousness of the two charges, and of the penalties those charges carry if he is convicted. The Court reiterated that it believed Mr. Williams was making a grave mistake in not having counsel, and Williams confirmed that he understood that the Court felt as much. He nevertheless stated that he wanted to represent himself. Accordingly, the Court concludes that Williams is competent to make the decision to forego counsel, and he is making that decision voluntarily and intelligently, with full knowledge of the potential adverse consequences.

Finally, at the hearing Mr. Peterson stated that he had maintained a good relationship with Mr. Williams, and indicated a willingness to act as a standby attorney for Williams if the Court directed that. Williams stated that he did not believe there was a need for standby counsel, despite the Court urging him to accept it, and despite acknowledging that he understood having standby counsel did not require that he use, much less speak to, the attorney. Notwithstanding William's statements, the undersigned recommends that the District Judge appoint Mr. Peterson to act as standby counsel for Williams as the case proceeds.

Based on the above, Mr. Peterson is permitted to withdraw as counsel for the defendant, and no new counsel shall be appointed in his place, as the defendant wishes to represent himself in this case. HOWEVER, it is RECOMMENDED that the District Judge appoint Mr. Peterson to act as standby counsel for Williams as the case proceeds. FINALLY, IT IS ORDERED that this case be returned to the docket of the Hon. Sam Sparks.

SIGNED this 1st day of November, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE