IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2016 DEC -9  PM 1:07
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
           DEPUTY

UNITED STATES OF AMERICA,

-vs-

PURNELL ELLIOTT WILLIAMS,

CAUSE NO.:
A-16-CR-00237-SS

# ORDER

BE IT REMEMBERED on the 9th day of December 2016, the Court held a *Faretta* hearing[1] in the above-styled cause, and the parties appeared either in person or through counsel. The Court considered whether Defendant Purnell Elliott Williams (Mr. Williams)'s was able to proceed *pro se* at trial, which is scheduled to begin on Monday, December 12, 2016. Having reviewed the documents, the governing law, the arguments of the parties at the hearing, and the file as a whole, the Court now enters the following opinion and order.

On September 20, 2016, the Government filed a two-count indictment charging Mr. Williams with a violation of 18 U.S.C. § 922(g)(9), possession of a firearm by person convicted of domestic violence misdemeanor, and a violation of 18 U.S.C. § 922(n), receiving a firearm while under indictment. At his initial appearance on September 23, 2016, Mr. Williams invoked his right to represent himself. On September 26, 2016, Magistrate Judge Andrew W. Austin conducted a hearing to ascertain Mr. Williams's competency to represent himself, and ultimately concluded Mr. Williams's decision to proceed *pro se* was made voluntarily and intelligently,

---

[1] If the right to counsel is to be waived, the trial court must conduct a so-called *Faretta* hearing to caution to the defendant about the dangers of self-representation and to establish, on the record, that the defendant has made the decision to proceed *pro se* knowingly and intelligently. *United States v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008) (citing *Faretta v. California*, 422 U.S. 806, 816–22 (1975)).

with a complete understanding of the consequences of his choice. Judge Austin nevertheless appointed Assistant Federal Public Defender David M.C. Peterson to act as standby counsel.

Shortly thereafter, Mr. Williams filed a motion asking Judge Austin to appoint Mr. Peterson as his attorney, which he granted. This appointment was short-lived, however, as Mr. Williams made clear during a hearing held before Judge Austin on November 1, 2016, that he once again wished to proceed without an attorney. Judge Austin again administered the *Faretta* warnings, and thereafter concluded Mr. Williams's decision to forego counsel was made voluntarily and intelligently. Judge Austin nevertheless recommended that Mr. Peterson should continue in his appointment as stand-by counsel for Mr. Williams. This Court agreed and so ordered on November 30, 2016. *See* Order of Nov. 30, 2016 [#38]. On December 9, 2016, the Court held a hearing to discuss pretrial matters, including Mr. Williams's decision to represent himself.

A criminal defendant has a constitutional right to waive his right to counsel and represent himself at trial. *Faretta*, 422 U.S. at 816–22. Waiver of that right must be knowing and intelligent. *Id.* at 835. In *McQueen v. Blackburn*, the Fifth Circuit summarized the factors that must be evaluated when considering the sufficiency of a defendant's waiver:

> The court must consider the defendant's age and education, and other background, experience, and conduct. The court must ensure that the waiver is not the result of coercion or mistreatment of the defendant and must be satisfied that the accused understands the nature of the charges, the consequences of the proceedings, and the practical meaning of the right he is waiving.

755 F.2d 1174, 1177 (5th Cir. 1985) (internal citations omitted).

At the December 9, 2016 hearing, the Court questioned Mr. Williams about his education; his ability to read, write, and understand the present proceedings; and whether he had ever studied the law. The Court further questioned Mr. Williams about his familiarity with the

Federal Rules of Evidence, courtroom procedure, and the process of jury selection. The Court asked Mr. Williams time and again if he understood the nature of the crimes with which he was charged and the gravity of the situation were the jury to convict him of the crimes charged. Mr. Williams was repeatedly admonished of "the dangers and disadvantages of self-representation." See Faretta, 422 U.S. at 835.

In response to each question, Mr. Williams challenged the Court's jurisdiction, demanding the Government prove the Court's jurisdiction before the case could proceed. In response, the Court explained Mr. Williams was indicted by a grand jury, who charged him with violations of the following statutory provisions: 18 U.S.C. § 922(g)(9) and 18 U.S.C. § 922(n). The Court specifically noted the indictment was signed by an individual foreperson. For its part, the Government explained the Court has jurisdiction pursuant to 18 U.S.C. § 3231, which states district courts—like this one—"shall have original jurisdiction . . . of all offenses against the laws of the United States," and 18 U.S.C. § 922(g)(9) and 18 U.S.C. § 922(n) constitute "laws of the United States." The Court thereafter advised Mr. Williams his jurisdictional challenge was overruled, but if he so desired, he may appeal this holding to the Fifth Circuit after the completion of his trial.

Despite the Court's best efforts to explain the basis of its jurisdiction and convey the futility of repeating his baseless objection, Mr. Williams refused to listen. He persisted in asserting the Court lacked the authority to conduct this hearing or try his criminal case.[2] On at least two occasions, Mr. Williams provided coherent responses to the Court's questions regarding his education and his knowledge of the law, but otherwise proved recalcitrant, refusing to participate in any discussion as to whether he was competent to represent himself *pro se*. Mr.

---

[2] At one point, Mr. Williams insisted the Court lacked jurisdiction because the United States flag, which stands to the left of the bench, was a military flag and Mr. Williams does not subscribe to military law.

Williams himself admitted he did not understand how the proceedings will move forward in light of his belief that this Court lacked jurisdiction.

In confirmation of its oral pronouncement at the hearing, the Court finds Mr. Williams does not knowingly and intelligently waive his right to counsel. His unremitting refusal to answer the Court's questions regarding his ability to proceed *pro se* precludes the Court from concluding Mr. Williams is "able and willing to abide by the rules of procedure and courtroom protocol." *See McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984).

After appropriate inquiry, this Court is satisfied Mr. Williams (1) does not knowingly and intelligently waive representation by counsel, and (2) is financially unable to obtain counsel. Assistant Federal Public Defender David M.C. Peterson is hereby APPOINTED to represent Mr. Williams in the above-styled cause. This appointment shall remain in effect until terminated, or a substituted attorney is appointed.

Signed this 9th day of December 2016.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE